AO 245B (Rev. 12/03)(VAED rev. 2) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Alexandria Division

F I L E D

JUN 2 2 2009

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

UNITED STATES OF AMERICA

V.

**DENNIS EARL LEDBETTER**
Defendant.

Case Number: 1:08CR00482-001

USM Number: 73170-083

Defendant's Attorney:
Michael S. Arif, Esquire

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count 2 of the Indictment.
The defendant was found guilty on Counts 1 and 3 after a plea of not guilty.

The defendant is adjudicated guilty of these offenses.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| 18 USC § 371 | Conspiracy | Felony | 10-23-2008 | 1 |
| 18 USC § 2 and 18 USC § 2113(a) and (d) | Armed Bank Robbery | Felony | 10-23-2008 | 2 |
| 18 USC § 2 and 18 USC § 924(c)(1)(A) | Use of a Firearm During a Crime of Violence | Felony | 10-23-2008 | 3 |

As pronounced on June 19, 2009, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this 22nd day of June 2009.

/s/ LOG
Liam O'Grady
United States District Judge

| Defendant's Name: | DENNIS EARL LEDBETTER |
|---|---|
| Case Number: | 1:08CR00482-001 |

## IMPRISONMENT

The defendant is hereby committed into the custody of the United States Bureau of Prisons to be imprisoned for a total term of: ONE HUNDRED EIGHT (108) MONTHS, which consists of a term of imprisonment of TWENTY FOUR (24) MONTHS as to Counts 1 and 2, to run concurrently and a term of imprisonment of EIGHTY FOUR (84) MONTHS as to Count 3, to run consecutively to Counts 1 and 2, with credit for time served.

The defendant is remanded into the custody of the United States Marshal.

The Court makes the following recommendations to the Bureau of Prisons:

    1) that the defendant be designated to a facility close to the Washington, D.C. Metro area to be near his family.
    2) that the defendant participate in the 500 Hours Intensive Drug Treatment Program.

## RETURN

I have executed this judgment as follows:_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.


                                                                         UNITED STATES MARSHAL


                By                                                                             DEPUTY UNITED STATES MARSHAL

Defendant's Name: **DENNIS EARL LEDBETTER**
Case Number: **1:08CR00482-001**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: THREE (3) YEARS on each count to run concurrently.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess or use a controlled substance. Unless mandatory drug testing is waived, the defendant shall submit to one drug test within 15 days of release from custody and periodic drug tests thereafter, as determined by the Court.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

# STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any special conditions of supervision.

1) the defendant shall not leave the judicial district without the permission of the Court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days before any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or as an agent of a law enforcement agency without the permission of the Court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 3A - Supervised Release

Page 4 of 6

Defendant's Name: DENNIS EARL LEDBETTER
Case Number: 1:08CR00482-001

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release, pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall participate in a program approved by the Probation Office for substance abuse, which program may include residential treatment and testing to determine whether the defendant has reverted to the use of drugs or alcohol, with partial cost to be paid by the defendant, all as directed by the probation officer.

2) The defendant shall pay restitution totaling $8,755.00 under the direction of the probation officer upon release from confinement. The defendant is jointly and severally liable for this amount of restitution with his co-defendant, John Wayne Morton.

Defendant's Name: **DENNIS EARL LEDBETTER**
Case Number: 1:08CR00482-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $8,755.00 |
| 2 | $100.00 | $0.00 | $0.00 |
| 3 | $100.00 | $0.00 | $0.00 |
| **TOTALS:** | **$300.00** | **$0.00** | **$8,755.00** |

No fines have been imposed in this case.
The Court waives the cost of prosecution, incarceration, and supervised release.
The defendant must make restitution (including community restitution) to the following payees in the amount listed below.
If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C Section 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Count | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|---|
| SEE ATTACHED RESTITUTION JUDGMENT | 1 | $8,755.00 | $8,755.00 | |
| **TOTALS:** | | $8,755.00 | $8,755.00 | |

Payments of Restitution are to be made payable to Clerk, U.S. District Court.

The Court determined that the defendant does not have the ability to pay interest and it is ordered that the interest requirement is waived for the restitution.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case  Page 6 of 6
Sheet 6 - Schedule of Payments

Defendant's Name: **DENNIS EARL LEDBETTER**
Case Number: **1:08CR00482-001**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

The special assessment shall be due in full immediately.

The restitution shall be paid as directed by the probation officer upon release from confinement.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment or fine by the United States.

The defendant shall forfeit the defendant's interest in the following property to the United States:

SEE ATTACHED CONSENT ORDER OF FORFEITURE.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 1:08CR00482 |
| | ) | |
| DENNIS EARL LEDBETTER, | ) | |
| | ) | |
| Defendant. | ) | |

## RESTITUTION JUDGMENT

1. The defendant is sentenced to pay, as restitution, $8,755.00, jointly and severally with any co-defendants who are ordered to pay restitution for the same loss.[1]

2. The amount of restitution paid to a victim, collectively, shall not exceed the victim's total loss from the offense of conviction.

3. The victims' names and addresses, and each victim's total loss, is listed in Attachment A to this Restitution Judgment.

4. Interest:

   ✓ is waived.

   ___ accrues as provided in 18 U.S.C. § 3612(f).

5. Restitution is due immediately, and notwithstanding any other provision of this Restitution Judgment, the Government may enforce restitution at any time. The defendant shall make a bona fide effort to pay restitution in full as soon as practical.

6. If incarcerated, the defendant shall participate in the Bureau of Prisons' Inmate Financial Responsibility Program at a rate of at least $25 per quarter, or if assigned as a UNICOR grade 1 through 4 employee, at least 50% of the prisoner's monthly pay.

---

[1] The presently known co-defendant is John Wayne Morton, Docket No. 1:08-00488, who is scheduled to be sentenced on May 1, 2009.

United States of America v. Dennis Earl Ledbetter, No. 1:08cr00482
Restitution Judgment, page 2

7. The defendant shall pay to the Clerk at least $_____ per month beginning _under the direct of the probation office once released_.

8. All payments shall be made to the Clerk of Court, United States District Court, 401 Courthouse Square, Alexandria, VA 22314.

9. The defendant shall notify, within 30 days, the Clerk of Court and the United States Attorney's Office, Financial Litigation Unit, 8000 World Trade Center, Norfolk, VA 23510 of: (a) Any change of name, residence, or mailing address; and (b) Any material change in economic circumstances that affects the ability to pay restitution.

10. No delinquent or default penalties will be imposed except upon Order of the Court.

/s/ *signature*
Liam O'Grady
~~United States District Judge~~
THE HONORABLE LIAM O'GRADY
UNITED STATES DISTRICT JUDGE

ENTERED this 19th day of June, 2009.
at Alexandria, Virginia

| WE ASK FOR THIS: | SEEN AND AGREED: |
|---|---|
| Dana J. Boente<br>United States Attorney<br><br>Benjamin L. Hatch<br>Counsel for the United States<br>Assistant United States Attorney<br>United States Attorney's Office<br>Justin W. Williams U.S. Attorney's Building<br>2100 Jamieson Avenue<br>Alexandria, VA 22314-5794<br>703-299-3700<br>Fax: 703-299-3982<br>Email: Benjamin.Hatch@usdoj.gov | Dennis Earl Ledbetter<br>Defendant<br><br>Michael S. Arif<br>Counsel for Defendant<br>8001 Braddock Road, Suite 100<br>Springfield, VA 22151<br>703-323-1200<br>Fax: 703-978-1040<br>Email: msa323@aol.com<br><br>Dennis Earl Ledbetter<br>Defendant |

United States of America v. Dennis Earl Ledbetter, No. 1:08cr00482
Restitution Judgment, page 3

## ATTACHMENT A TO RESTITUTION JUDGMENT

|  | Dennis Earl Ledbetter | John Wayne Morton | Total Due to Victim: |
|---|---|---|---|
| TD Bank, N.A/Commerce Bank 16714 Jefferson Davis Highway Dumfries, VA 22026 | $8,755.00 | $8,755.00 | $8,755.00 |
| CVS 7401 Annapolis Road Landover Hills, MD 20784 | $0.00 | $100.00 | $100.00 |
| Total Due from Defendant: | $8,755.00 | $8,855.00[2] | $8,855.00 |

---

[2] The amount of restitution owed by John Wayne Morton shall be determined at his sentencing scheduled on May 1, 2009.

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:08CR482 |
| | ) | |
| DENNIS EARL LEDBETTER, | ) | |
| | ) | |
| Defendant. | ) | |

## CONSENT ORDER OF FORFEITURE

WHEREAS, on January 23, 2009, defendant Dennis Earl Ledbetter pled guilty to Count 2 of the indictment, charging the defendant with armed bank robbery in violation of Title 18, United States Code, Section 2113(a) and (d), and agreed to forfeit all his ownership interests in any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his bank robbery offense;[1]

WHEREAS, the defendant obtained at least eight thousand seven hundred fifty-five dollars ($8,755) in illegal proceeds from the armed bank robbery, the violation to which the defendant pled guilty, and agreed to forfeit such amount in his plea agreement, an amount for which the defendant is solely liable;

AND WHEREAS, the defendant agrees to waive the provisions of Federal Rules of Criminal Procedure 7(c)(2), 32.2, and 43(a) with respect to notice in the indictment that the government will seek forfeiture as part of any sentence in this case, and that entry of this order

---

[1] The defendant was found guilty of Count 1, conspiracy, in violation of 18 U.S.C. § 371, and Count 3, use of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A), after a Bench Trial held before District Judge Liam O'Grady on February 10, 2009.

shall be made a part of the sentence, in or out of the presence of the defendant, and included in the Judgment in this case without further order of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The United States shall have a money judgment pursuant to Fed. R. Crim. P. 32.2(b)(1), 18 U.S.C. § 981 (a)(1)(C), and 28 U.S.C. § 2461(c), against defendant Dennis Earl Ledbetter in the amount of eight thousand seven hundred fifty-five dollars ($8,755), which represents proceeds the defendant obtained from the armed bank robbery to which the defendant pled guilty.

2. The Attorney General or the Secretary of the Treasury or the Secretary of Homeland Security or a designee is authorized to seize this sum for forfeiture and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture pursuant to Fed. R. Crim. P. 32.2 (b)(3).

3. Because this forfeiture consists of a money judgment, no ancillary proceeding is necessary, as directed by Fed. R. Crim. P. 32.2(c)(1).

Dated this 19th day of June, 2009.

2

WE ASK FOR THIS:

DANA J. BOENTE
UNITED STATES ATTORNEY

_____
Benjamin L. Hatch
Assistant United States Attorney


_____
Dennis Earl Ledbetter
Defendant


_____
Michael S. Arif
Counsel for Defendant


_____/s/_____
Liam O'Grady
United States District Judge

3